UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kemuel Mingo, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-2197 (CKK) |
| | : | |
| United States Department | : | |
| of Justice *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the response of the Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to his request for records about himself. ATF moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and enter judgment accordingly.[1]

I.  BACKGROUND

By letter of July 19, 2007, plaintiff requested "any and all" ATF records pertaining to himself. Def.'s Mot., Declaration of Marilyn R. LaBrie ("LaBrie" Decl."), Ex. A. By letter of October 30, 2007, ATF released to plaintiff 89 pages of responsive records with redactions made pursuant to FOIA exemptions 2, 7(C) and 7(E), *see* 5 U.S.C. § 552(b). *Id.*, Ex. E. The letter further informed plaintiff of his right to appeal the decision to the Department of Justice's Office of Information and Privacy ("OIP"), which plaintiff did by letter of November 6, 2007. *Id.*, Ex.

---

[1]  Because a FOIA action is properly brought against the agency, here the Department of Justice, the Court refers to the defendants in the singular.

G. By letter of March 17, 2008, OIP affirmed ATF's decision "on partly modified grounds." *Id.*, Ex. I. OIP omitted exemption 7(E) as a basis for withholding material and added exemptions 5 and 7(D), thereby determining that ATF "properly withheld certain information" under FOIA exemptions 2, 5, 7(C) and 7(D).[2] *Id*. Plaintiff filed this action on December 18, 2008.

## II. LEGAL STANDARD

Summary judgment is appropriate upon a showing that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated exemptions. *See* 5 U.S.C. § 552(b). In a FOIA case, the Court may award summary judgment to an agency solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In opposing a summary judgment motion, plaintiff may not "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit," *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990), but rather must

---

[2] Defendant does "not invoke [e]xemption (b)(5) for this litigation." LaBrie Decl. at 3 n.1.

"set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

III.  DISCUSSION

Plaintiff does not dispute defendant's properly documented bases for redacting information from the released records. *See* LaBrie Decl. ¶¶ 13-16 (exemption 2); ¶¶ 17-24 (exemption 7(C)); ¶¶ 25-29 (exemption 7(D)) & accompanying *Vaughn* index. In addition, the Court finds from the LaBrie declaration and its review of the *Vaughn* index that defendant released "all non-exempt, reasonably segregable information." *Id*. ¶ 36; *see Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999) (requiring segregability finding).

Plaintiff asserts that a genuine issue of material fact exists with regard to defendant's search for records "and that the Defendants are deliberately withholding exculpatory records." Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Opp'n.") [Dkt. No. 12] at 1. Plaintiff points to his Exhibit 5 (an unredacted two-page police property report) and his Exhibit 6 (a redacted copy of the first page of the same property report) as evidence "that the Defendants are deliberately withholding exculpatory records that is [sic] suppose [sic] to be released unto Plaintiff by way of the United States Constitution, Amendment V."[3] *Id* at 2

---

[3] Plaintiff's reliance on the exhibits is unclear, but he does not claim that the redacted material in Exhibit 6 is exculpatory material nor does he in any way challenge said redactions. Rather, plaintiff cites Exhibits 5, 6 and 7 (a crime laboratory report) seemingly to support his claim of an inadequate search by speculating about the absence from the released records of any written reports by "unknown ATF" agents who allegedly examined the gun referenced in the proffered exhibits. *See* Pl.'s Opp'n. at 2-3 (questioning why the unknown ATF agent "conducted an examination on said gun, did not place in writing or in a report as to what type of examination he or she conducted on said gun, and why he or she needed to conduct another examination when it had already gone through an examination," and concluding that "law enforcement officials acted outside the course of investigative practice and procedure or the Defendants did not conduct an adequate search for records Plaintiff sought").

¶ 3.  But this argument mistakenly conflates the government's statutory obligation to disclose records under the FOIA with its separate constitutional obligation established by *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory material to a defendant in a criminal proceeding.  *See Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390 (D.C. Cir. 2007) ("The disclosure obligation that *Brady* imposes at a defendant's criminal trial based on constitutional considerations is not the same disclosure obligation imposed under FOIA by Congress. . . .  In other words, the disclosure requirements are not coextensive.")

The fact that plaintiff may have received a document during discovery in a criminal proceeding is not material to the issue of whether ATF fulfilled its statutory obligations under the FOIA.  Unlike a *Brady* disclosure made only to the individual defendant, "'a disclosure made to any FOIA requester is effectively a disclosure to the world at large.'"  *Id*. (quoting *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 836 (D.C. Cir. 2001)) (other citation omitted).  Hence, the FOIA exemptions are Congress's acknowledgment that "[w]hen disclosure touches upon certain areas defined in the exemptions, . . . [there are] limitations that compete with the [FOIA's] general interest in disclosure[.]"  *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  *Brady* does not foreclose the government from asserting FOIA exemptions even as to information that may have been previously disclosed to a defendant in a criminal proceeding.  *See Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999) ("To the extent Cottone seeks Title III-wiretapped recordings that were not played in court but were simply provided to [counsel] as *Brady* material, Exemption 3 remains inviolate."); *Cucci v. Drug Enforcement Admin*., 871 F. Supp. 508, 514 (D.D.C. 1994) ("Plaintiff may not trump the agencies' invocation of the FOIA exemptions by arguing that the exempted information should be provided as exculpatory evidence.")

Turning to the remaining issue properly before the Court, an inadequate search for records constitutes an improper withholding under the FOIA. *See Maydak v. U.S. Dep't of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003). Thus, when, as here, an agency's search for records is challenged, "the agency must show beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id*. (citations and quotation marks omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); accord *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) *(*citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena,* 180 F.3d at 326 (citing *Founding Church of Scientology v. Nat'l Sec'y Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness, *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27-8 (D.C. Cir. 1998), mindful that an agency is required to produce only those records in its custody and control at the time of the FOIA request, *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). Because "the adequacy of a FOIA search is generally determined not by the fruits of

the search, but by the appropriateness of the methods used to carry out the search," *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003), "the fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd*, 475 F.3d at 391.

Utilizing plaintiff's full name, ATF staff searched its TECS and N-Force databases and located "all records related to Mr. Mingo . . . in the ATF Charlotte Field Division and retrievable under Criminal Investigation Number [ ]." LaBrie Decl. ¶ 34. LaBrie's detailed descriptions of the foregoing databases demonstrate why they were most likely to contain records responsive to plaintiff's request. *See id*. ¶¶ 31-33. ATF "is a principal criminal and regulatory enforcement agency within [DOJ] . . . responsible for, among other things, enforcing Federal firearms laws[.]" *Id*. ¶ 17. Plaintiff requested records maintained by ATF as part of its criminal enforcement function. *See id*., Ex. A (FOIA request). In general, the TECS system is a comprehensive database used "to locate records within [DOJ's] Privacy Act system of records entitled 'Criminal Investigation Report System,'" *id*. ¶ 31, and "N-Force is ATF's official case file of record for documenting investigative activity and information, creating reports, tracking investigative leads and linking data," *id*. ¶ 33. N-Force "acts as a single-point of data entry system, which enables users to store, utilize, and query investigative information, and to prepare investigative documents." *Id*. Plaintiff has not proffered any evidence that creates a triable issue on defendant's search, which the Court finds was reasonably calculated to locate all records responsive to plaintiff's FOIA request.

For the foregoing reasons, the Court grants defendant's motion for summary judgment. A separate Order accompanies this Memorandum Opinion.

                                          _____/s/s_____
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge

Date: August 24, 2009